UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In re TESTIMONY OF<br>DANIELLE MCBREAIRTY | ) ) ) ) ) ) ) ) ) ) | 1:24-cr-00143-SDN |

**CERTIFICATE OF CONTEMPT AND ORDER**

On December 11, 2024, during an ongoing criminal trial, *United States v. Corbett*, 1:22-cr-00023-SDN, the United States called Danielle McBreairty as a witness. Ms. McBreairty was represented by counsel who was present in the courtroom at the time.[1] Ms. McBreairty currently is serving a twenty-year term of incarceration. *See United States v. McBreairty*, 1:21-cr-00068-LEW (D. Me. Oct. 18, 2022).

Ms. McBreairty took the stand, and the clerk swore Ms. McBreairty in as a witness. She answered several of the government's questions on direct examination, at which point Ms. McBreairty's counsel informed the Court that his client intended to invoke her Fifth Amendment privilege. When the government resumed questioning, Ms. McBreairty invoked her Fifth Amendment privilege and refused to answer. The Court permitted the government to inquire further to explore whether Ms. McBreairty would answer any questions. Ms. McBreairty refused to do so and continued to invoke her Fifth Amendment

---

[1] Prior to the government calling Ms. McBreairty as a witness, defense counsel had flagged, and the government concurred, that the parties anticipated Ms. McBreairty attempting to invoke her rights under the Fifth Amendment when the government called her to testify. The Court gave the parties and Ms. McBreairty through her counsel an opportunity to brief the potential matter and provided them with a copy of the case *United States v. Winter*, 70 F.3d 655 (1st Cir. 1995), indicating the Court would proceed in accordance with *Winter* should the factual circumstances so arise.

1

privilege. Ms. McBreairty thereafter informed the Court that she intended to assert her Fifth Amendment privilege in response to every question asked by the government.[2]

The United States then moved for an order pursuant to 18 U.S.C. §§ 6002–60003 immunizing her from prosecution based on her testimony and directing Ms. McBreairty to testify. The government presented a letter approving the motion from Jennifer A.H. Hodge, Deputy Assistant Attorney General. ECF No. 892-1. The government referenced a memorandum it filed in advance of Ms. McBreairty's anticipated testimony, which asserted her testimony is necessary to the public interest. ECF No. 892 at 2, ¶ 7.

The Court found on the record that the requirements of 18 U.S.C. § 6003 were met because the motion was approved by a Deputy Assistant Attorney General, Ms. McBreairty's testimony was necessary to the public interest, and Ms. McBreairty in fact refused to testify. Therefore, the Court ordered Ms. McBreairty to give testimony and provide any information as to the matters about which she was questioned. The Court further ordered that no testimony or other information compelled from Ms. McBreairty, or any information directly or indirectly derived from such testimony or other information, may be used against Ms. McBreairty in any criminal case except in a prosecution for perjury, for giving a false statement, or for otherwise failing to comply with the order.

After hearing argument from Ms. McBreairty's counsel and the government, the Court informed Ms. McBreairty that if she continued to refuse to answer questions in violation of the Court's order, she may be cited for criminal contempt and sentenced to a maximum of six months in prison, that could be imposed consecutively to her current

---

[2] Later, Ms. McBreairty confirmed she would refuse to answer any questions asked of her—including any the defense may have asked.

sentence. Fed. R. Crim. P. 42(b); 18 U.S.C. § 401; *see United States v. Winter*, 70 F.3d 655, 666–76 (1st Cir. 1995). The Court then recessed to allow Ms. McBreairty the opportunity to further discuss the matter with her counsel to determine whether or not she would testify.

On return, the Court confirmed with Ms. McBreairty's counsel that he had adequate opportunity to discuss the Court's order with his client. The Court reminded Ms. McBreairty of its order compelling her to testify. Still, Ms. McBreairty refused to testify.

The Court now reiterates and certifies the findings set forth on the record on December 11, 2024. *See* Fed. R. Crim. P. 42(b) (requiring the judge to certify she "saw or heard the contemptuous conduct"). Ms. McBreairty's refusal to testify constitutes direct contempt. The Court ordered Ms. McBreairty to testify. The Court immunized Ms. McBreairty from prosecution for that testimony, thereby negating Ms. McBreairty's Fifth Amendment claim to privilege. In the Court's presence, Ms. McBreairty then refused to testify. Therefore, the Court observed Ms. McBreairty refuse to obey a direct court order. 18 U.S.C. § 401 (granting courts the power to "punish . . . [d]isobedience or resistance" to a lawful order); Fed. R. Crim. P. 42(b) (permitting summary proceedings when the Court observes contemptuous conduct committed "in its presence"). Moreover, the Court observes that Ms. McBreairty's refusal to testify was willful: the Court heard and rejected Ms. McBreairty's argument that the granted immunity was not coextensive with her Fifth Amendment privilege and ordered her to testify; after conferring with counsel Ms. McBreairty nonetheless refused to testify.

As articulated from the bench, pursuant to Federal Rule of Criminal Procedure 42(b) and 18 U.S.C. § 401, the Court finds Ms. McBreairty in summary criminal contempt

3

for refusing the Court's direct order and sentences Ms. McBreairty to three months imprisonment, to run consecutive to her current term of incarceration.

    **SO ORDERED.**

Dated this 17th day of December, 2024.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
